UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| REMY INTERNATIONAL, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO._____ |
| v. | ) |
| | ) |
| EVENSEN ENTERPRISES, INC.; | ) 1:04-cv-1895-JDT-TAB |
| MACHINERY COMPONENTS, INC.; AND | ) |
| UNITED STARTERS & ALTERNATORS | ) |
| INDUSTRIES, INC. | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Remy International, Inc. ("Remy"), for its Complaint against Defendants, Evensen Enterprises, Inc. ("Evensen"), Machinery Components, Inc. ("MCI"), and United Starters & Alternators Industries, Inc. ("USA Industries") (collectively "Defendants"), alleges:

### NATURE OF THE ACTION

1. Remy is the owner by assignment of United States Patent No. 4,604,538 and United States Patent No. 5,268,605 (collectively, the "Remy Patents"). These two patents generally cover, respectively, air cooling for diode-rectified alternating current generators and an electric field connection in an alternating current generator.

2.  Upon information and belief, Defendants have been and still are infringing, contributing to and actively inducing infringement of the Remy Patents in this judicial district and elsewhere in the United States by the manufacture, use, sale, offer for sale and/or importation into the United States of automotive alternator products that incorporate technology falling within the scope of the claimed subject matter of the Remy Patents.  By virtue of Defendants' infringement, Remy is entitled to damages and injunctive relief.

## PARTIES

3.  Plaintiff Remy is a Delaware corporation with a principal place of business located at 2902 Enterprise Drive, Anderson, Indiana 46013.

4.  Upon information and belief, defendant Evensen is a California Corporation, doing business as Orange County Alternator with a principal place of business at 11040 Inland Ave., Mira Loma, CA 91752, is doing business in this judicial district, and has a registered agent for receipt of service, Allen Evensen, at 5330 Crescent Dr., Yorba Linda, CA 926870000.

5.  Upon information and belief, defendant MCI is an Illinois Corporation with a principal place of business at 1833 Downs Dr., West Chicago, IL 60185, is doing business in this judicial district, and has a registered agent for receipt of service, Gerald M. Miller, at 33 N. Lasalle St., Ste. 2200, Chicago, IL 606020000.

6.  Upon information and belief, defendant USA Industries is a New York Corporation with a principal place of business at 1560 Fifth Ave., Bay Shore, NY 11706, and is doing business in this judicial district.

## JURISDICTION AND VENUE

7. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35, United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Patent Laws of the United States.

8. This Court has personal jurisdiction over Defendants pursuant to the Indiana Rules of Trial Procedure, Rule 4.4(A), which the U.S. District Court for the Southern District of Indiana uses as its long-arm statute. Upon information and belief, Defendants are engaged in the business of knowingly selling the infringing products in and into Indiana, and derive substantial benefit therefrom. Defendants have sufficient contacts in the state of Indiana such that this Court's exercise of jurisdiction would not be inconsistent with the Constitutions of this state or the United States.

9. Venue in this judicial district is proper pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## THE PATENTS IN SUIT

10. Plaintiff Remy is the sole owner of United States Patent No. 4,604,538 ("the '538 patent"), which is entitled "Air Cooling for Diode-rectified Alternating Current Generators," which was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on August 5, 1986, and which is presumed valid pursuant to 35 U.S.C. § 282. A copy of the '538 patent is attached hereto as Exhibit A.

11. Prior to issuance of the '538 patent, the inventors of the '538 patent assigned all of their rights in the '538 patent to General Motors Corporation ("General Motors"), as indicated in the assignee field on the face of the patent. (See Exhibit A).

12. On February 12, 2002, General Motors assigned all of its rights in the '538 patent to Delphi Technologies, Inc. ("Delphi"). A copy of this assignment, which is recorded in the USPTO at Reel 012745, Frame 0724, is attached hereto as Exhibit B.

13. On October 27, 2003, Delphi assigned all of its rights in the '538 patent to plaintiff Remy. A copy of this assignment, which is recorded in the USPTO at Reel 014754, Frame 0459, is attached hereto as Exhibit C.

14. Plaintiff Remy is the sole owner of United States Patent No. 5,268,605 ("the '605 patent"), which is entitled "Electric Field Connection," which was duly and legally issued by the USPTO on December 7, 1993, and which is presumed valid pursuant to 35 U.S.C. § 282. A copy of the '605 patent is attached hereto as Exhibit D.

15. Prior to issuance of the '605 patent, the inventor of the '605 patent assigned all of his rights in the '605 patent to General Motors, as indicated in the assignee field on the face of the patent. (See Exhibit D).

16. On February 12, 2002, General Motors assigned all of its rights in the '605 patent to Delphi. A copy of this assignment, which is recorded in the USPTO at Reel 012745, Frame 0724, is attached hereto as Exhibit E.

17. On October 27, 2003, Delphi assigned all of its rights in the '605 patent to plaintiff Remy. A copy of this assignment is attached hereto as Exhibit F.

## PATENT INFRINGEMENT

18. Plaintiff Remy repeats and realleges the allegations contained in paragraphs 1 through 17 as if fully set forth herein.

19. Upon information and belief, defendant Evensen has been and still is infringing, contributing to, and actively inducing, infringement of the '538 patent and the '605 patent in this judicial district and elsewhere in the United States by the manufacture, use, sale, offer for sale, and/or importation of automotive alternators which fall within the scope of one or more claims of the '538 patent and the '605 patent.

20. Upon information and belief, defendant Evenesen's infringement of the Remy Patents has been and continues to be willful, wanton, deliberate, and/or without license, thereby rendering this case exceptional within the meaning of 35 U.S.C. § 285.

21. Unless preliminary and permanently enjoined by this Court, defendant Evensen will continue its acts of infringement, to plaintiff Remy's substantial and irreparable harm.

22. Upon information and belief, defendant MCI has been and still is infringing, contributing to, and actively inducing, infringement of the '538 patent and the '605 patent in this judicial district and elsewhere in the United States by the manufacture, use, sale, offer for sale and/or importation of automotive alternators which fall within the scope of one or more claims of the '538 patent and the '605 patent.

23. Upon information and belief, defendant MCI's infringement of the Remy Patents has been and continues to be willful, wanton, deliberate, and/or without license, thereby rendering this case exceptional within the meaning of 35 U.S.C. § 285.

24. Unless preliminary and permanently enjoined by this Court, defendant MCI will continue its acts of infringement, to plaintiff Remy's substantial and irreparable harm.

25. Upon information and belief, defendant USA Industries has been and still is infringing, contributing to, and actively inducing, infringement of the '538 patent and the '605

- 6 -

patent in this judicial district and elsewhere in the United States by the manufacture, use, sale, offer for sale and/or importation of automotive alternators which fall within the scope of one or more claims of the '538 patent and the '605 patent.

26. Upon information and belief, defendant USA Industries' infringement of the Remy Patents has been and continues to be willful, wanton, deliberate, and/or without license, thereby rendering this case exceptional within the meaning of 35 U.S.C. § 285.

27. Unless preliminary and permanently enjoined by this Court, defendant USA Industries will continue its acts of infringement, to plaintiff Remy's substantial and irreparable harm.

WHEREFORE, plaintiff Remy respectfully demands judgment as follows:

A.  That this Court, pursuant to 35 U.S.C. § 271, enter an order finding that both of the Defendants have infringed one or more claims of each of the Remy Patents;

B.  That this Court, pursuant to 35 U.S.C. § 283, preliminarily and permanently enjoin Defendants, their officers, directors, agents, employees, successors and assigns, and any persons acting in privity or in concert with them, from making, using, selling, offering to sell, and/or importing products that infringe the Remy Patents;

C.  That this Court, pursuant to 35 U.S.C. § 284, award damages adequate to compensate plaintiff Remy for Defendants' infringement, but in no event less than a reasonable royalty;

D.  That this Court order an accounting to determine the proper amount of such damages;

E.  That this Court, pursuant to 35 U.S.C. § 284, increase damages resulting from Defendants' infringement three-fold, as a result of their willful, wanton, deliberate, and/or unlicensed acts of infringement;

F.  That this Court award pre-judgment and post-judgment interest, as appropriate;

G.  That this Court, pursuant to 35 U.S.C. § 285, award plaintiff Remy its costs, expenses, and disbursements in this action, including reasonable attorneys' fees;

H.  That this Court order the destruction of all existing products, in the possession of Defendants, that infringe one or more claims of the Remy Patents;

I.  That this Court order the recall of all existing products in the control of Defendants' wholesalers and retailers that infringe one or more claims of the Remy Patents; and

    J.    Such other relief that this Court deems just and proper.

### JURY DEMAND

Plaintiff Remy hereby demands a trial by jury for all issues triable to a jury.

Respectfully submitted,

Date: November 17, 2004    By: _____
Jay G. Taylor
John F. Prescott
Michael A. Swift
Ice Miller
One American Square, Box 82001
Indianapolis, IN 46282
Telephone: (317) 236-2100
Facsimile:   (317) 236-2219

OF COUNSEL:

Leo Merken
Thomas P. Scully

JONES DAY
222 East 41st Street
New York, NY 10017-6702
Telephone: (212) 326-3939
Facsimile:  (212) 755-7306